UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>RUSSELL LAWRENCE HAS HORNS,<br>Defendant. | 1:25-CR-10028-CBK<br><br>MEMORANDUM OPINION AND ORDER ON MOTION TO WITHDRAW PLEA |

## INTRODUCTION

The defendant was charged by indictment on July 17, 2025, with the crimes of aggravated sexual abuse of a child and abusive sexual contact with a child. If convicted, he faced a mandatory minimum sentence of 30 years imprisonment and a maximum sentence of life imprisonment. On April 27, 2026, he entered into a plea agreement wherein he agreed to waive indictment and plead guilty to a superseding information charging sexual abuse without consent or through coercion, a charge carrying a maximum penalty of life imprisonment. The government filed a superseding information consistent with the plea agreement the same day the plea documents were filed.

On May 15, 2026, defendant plead guilty to the superseding information. I accepted the guilty plea but reserved ruling on whether to accept the plea agreement. A presentence investigation report was prepared, setting forth a sentencing guideline range of 292 – 365 months. On August 3, 2026, defendant appeared for his sentencing hearing. At that time, counsel moved to withdraw. The motion was granted and substitute counsel was appointed on August 6, 2026. On September 23, 2026, defendant moved to withdraw his guilty plea. In support of the motion to withdraw plea, defendant alleges there is new evidence showing his actual innocence and that he did not fully understand the consequences of his plea.

**DECISION**

"A guilty plea is a solemn act not to be set aside lightly." United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010) (*quoting* United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." United States v. McHenry, 849 F.3d 699, 705 (8th Cir. 2017) (*quoting* United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992)). "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Harvey, 829 F.3d 586, 589 (8th Cir. 2016).

Pursuant to Fed. R. Crim. P. 11(d)(2)(B), a guilty plea may be withdrawn before sentencing if the defendant demonstrates a "fair and just reason" for the withdrawal. United States v. De Oliveira, 623 F.3d 593, 596 (8th Cir. 2010). "The 'fair and just' standard is a liberal standard, but it does not create an automatic right to withdraw a plea." United States v. Sims, 171 F.4th 1044, 1047 (8th Cir. 2026), reh'g denied, No. 25-1158, 2026 WL 1262968 (8th Cir. May 8, 2026) (*quoting* United States v. Trevino, 829 F.3d 668, 671 (8th Cir. 2016) (*quoting* United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996))).

> Besides "any fair and just reason," a court should also consider whether the defendant has asserted his innocence to the charge, the length of time between the plea of guilty and the motion to withdraw, and whether the government will be prejudiced by the withdrawal. If a defendant fails to establish a fair and just reason for withdrawing a guilty plea, the district court need not address the remaining factors. The defendant bears the burden of proving why withdrawal of his guilty plea should be permitted.

United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005) (internal citations omitted). *Accord*, United States v. De Oliveira, 623 F.3d 593, 596 (8th Cir. 2010).

Defendant contends that there is new evidence showing his actual innocence. Defendant does not set forth at all the nature of such evidence. Defendant signed a factual basis statement wherein he admitted that, beginning when the victim was five years old and continuing for five years, he engaged in sexual intercourse with the victim on a regular basis, occurring when the victim's mother left the home for dialysis. At the

change of plea hearing, defendant swore under oath that the factual basis was true and correct. These "representations during the plea colloquy 'carry a strong presumption of verity and pose a formidable barrier' in a subsequent attack." *United States v. Morales*, 834 F. App'x. 304, 305 (8th Cir. 2021) (quoting *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017)). Defendant cannot now claim that he is factually innocent of the crime to which he pleaded guilty.

Defendant contends that he did not fully understand the consequences of his plea. At the change of plea hearing, I went through with the defendant the usual Rule 11 colloquy prior to accepting defendant's guilty plea. Defendant testified, under oath, that he understood the superseding information and that he understood the maximum penalties, that he was advised of the application of the Federal Sentencing Guidelines and understood that he would not be allowed to withdraw his plea if the guideline range called for a longer sentence that what he and his attorney discussed. The transcript of the change of plea hearing shows that the defendant's plea was knowing and voluntary.

Defendant's guideline range was calculated using defendant's real offense conduct. As such, the aggravated sexual abuse guideline was applied. Defendant did not object to the base offense level of 30, the application of a four-level enhancement for the age of the victim, or the five-level enhancement for repeat and dangerous offender. Defendant did object to the two-level enhancement for care, custody, or supervisory control and the two-level enhancement for vulnerable victim. In his objections, he contends that the total offense level should be 36 instead of 40.

> A defendant may not withdraw a plea, however, merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

<u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826 (8th Cir. 2006) (internal citations omitted). Defendant's post-plea regrets as to the length of his guideline range is not a fair and just reason to allow a defendant to withdraw his guilty plea.

Defendant has not shown a fair and just reason for the withdrawal of his guilty plea.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 64, to withdraw plea is denied

DATED this 30th day of September, 2026.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge